UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| VICTOR J. VELASCO, | : | |
| Plaintiff, | : | No. 3:19-cv-811 (KAD) |
| | : | |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al., | : | |
| Defendants. | : | |

## ORDER

**Preliminary Statement**

Plaintiff, Victor J. Velasco ("Velasco"), currently confined at Northern Correctional Institution ("Northern") in Somers, Connecticut, filed this action *pro se* under 42 U.S.C. § 1983 against 137 defendants asserting claims for violation of his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, Americans with Disabilities Act ("ADA"), the Religious Land Use and Institutionalized Persons Act ("RLUIPA", the Prison Rape Elimination Act ("PREA"), the Health Insurance Portability and Accountability Act ("HIPAA"), the Prison Litigation Reform Act, and 42 U.S.C. §§ 1981,1982, 1985 and 1986.

On July 10, 2019, the Court filed an Initial Review Order identifying several deficiencies in the Complaint and directed Velasco to file an Amended Complaint clearly identifying the claims he intends to pursue in this action. The Court directed Velasco to indicate which defendants are involved in each claim, describe the actions taken by each defendant, and when those actions occurred. The Court also advised Velasco that under the rules regarding joinder of defendants and claims, it appeared that most of the claims pled were misjoined with each other

and would likely require severance if asserted in a single complaint. Doc. No. 11 at 10. In response, Velasco has filed a 71-page Amended Complaint, which includes over 400 paragraphs of factual allegations. He includes all the claims and defendants from the Complaint, and seeks to add a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against one defendant Velasco has determined is a federal agent.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Discussion**

Velasco's allegations span a period of eight years, from 2011 to the present, with a few references to his initial classification as a Security Risk Group ("SRG") member in the 1990's.

2

As indicated, he identifies 137 defendants of varying job descriptions, employers, and involvement in his past and current litigation, the conditions of his confinement and/or his medical treatment. The resulting Amended Complaint is lengthy and unwieldy.

**Joinder**

It is clear Velasco did not heed the court's admonition regarding the improper joinder of defendants and claims in a single complaint.

Federal Rule of Civil Procedure 20 permits joinder of multiple defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 20080 (citation omitted). As the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

Velasco includes at least sixteen different claims in his Amended Complaint although

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted).

3

there are likely more: an Eighth Amendment claim for deliberate indifference to medical needs; an Eighth Amendment claim for unconstitutional conditions of confinement in the SRG Program; several First Amendment retaliation claims stemming from different incidents involving different defendants; an Eighth Amendment claim for denial of telephone access; multiple Fourteenth Amendment claims for false disciplinary reports arising from different incidents and involving different defendants; a First Amendment retaliation claim and an Eighth Amendment claim for threats against him because he reported sexual harassment; a claim of sexual harassment; theft of personal property; a First Amendment claims for denial of access to his legal materials and denial of legal mail; a Fourteenth Amendment claim for improper classification to the SRG Program; First Amendment claims regarding the free exercise of his religion; violation of his rights under the ADA; violation of his rights under RLUIPA; violation of the PREA; violation of his rights under HIPAA; lack of legal assistance from Inmates' Legal Aid Program; and the creation of a false transcript by a Judicial Branch court reporter.

The claims arise from different occurrences, on different dates, spanning many years. Many of the named defendants are not alleged to have had any involvement in many of the claims. For example, the court reporter who allegedly created a false transcript had nothing to do with Velasco's conditions of confinement. The nurse treating Velasco during his hunger strike had nothing to do with the multiple disciplinary tickets which form the basis of some of his other claims. As there are no questions of law or fact common to all claims, the claims are improperly joined in this action in violation of Rule 20.[2] *See Wilson v. McKenna*, No. 3:12-cv-1581(VLB),

---

[2] The court notes that Rule 20 is becoming increasingly important to district courts tasked with reviewing prisoner complaints pursuant to 28 U.S.C. § 1915A. As two commentators have noted:

2015 WL 1471908, at *6 (D. Conn. Mar. 31, 2015) (advising plaintiff that improperly joined claims must be pursued in separate actions).

The Court may sever and dismiss improperly joined claims. *See* Fed. R. Civ. P. 21 (permitting the court to drop a party or sever a claim were the parties have been misjoined). Here, the Court will drop all parties unrelated to Velasco's claim for deliberate indifference to serious medical needs, the first claim listed in the Complaint, and will sever all other claims.

Velasco identifies 30 defendants in connection with his medical treatment claims: Wright, Burgmeyer, Fryer, Farinella, Crabbe, Barry, Brenan, Henderson, Ward, McKrystal, Clements, Longo, Patterson, Ogarrdo, Eggen, Frayne, Gillian, Lightner, Greene, Whitely, Christine Doe, Naqvi, LaBonte, Knight, Mankhan, Kilham, Guff, Degner, Durko, and Brown. Velasco's allegations regarding his medical treatment appear in paragraphs 188, 197, 209-212,[3] 313-329, 333-334, 406, 410- 422, 456, 474-475, 521-22, and 524-530. However, several of these defendants, though listed as defendants at paragraph 13, are not further mentioned in the complaint in connection with the Eighth Amendment claims. They are: Wright, Burgmeyer, Barry, Henderson, Naqvi, Mankhan, Guff, and Degner. Velasco was specifically instructed to

---

> In the past, courts did not always pay much attention to this rule. However, nowadays they are concerned that prisoners will try to avoid the filing fee and "three strikes" provisions of the Prison Litigation Reform Act (PLRA) by joining claims in one complaint that really should be filed in separate actions which require separate filing fees and would count as separate "strikes" if dismissed on certain grounds.

John Boston & Daniel E. Manville, Prisoners' Self-Help Litigation Manual 348 (4th ed. 2010) (collecting cases). Indeed, if the Court reviewed the plaintiff's complaint striking redundant or immaterial allegations, as opposed to dismissing the complaint in its entirety, the plaintiff would circumvent the PLRA's "three strikes" rule and filing fee requirements.

[3] The paragraph numbers skip from 212 to 313. Doc. No. 29 at 35.

allege facts demonstrating each defendant's involvement in his claims. Doc. No. 11 at 10. Accordingly, the Eighth Amendment claims against these defendants are dismissed as unsupported by any factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also, e.g., Barnes v. Holman*, No. 11-CV-551A(M), 2011 WL 3273138, at *2 (W.D.N.Y. July 28, 2011) (dismissing on initial review defendants named in case caption but not mentioned in factual allegations) (citations omitted).

The court notes that the allegations regarding medical treatment encompass several different medical issues ranging from hunger strikes to vitamin D deficiency. It is clear though that Velasco believes that all of the medical issues are the result of his designation as an SRG member. The Second Circuit has considered medical treatment over a period of years to constitute a related series of transactions sufficient to be considered in one action. *See Harnage v. Lightner*, 916 F.3d 138, 142-43 (2d Cir. 2019). Thus, the Court will permit all claims relating to Velasco's medical treatment to proceed in one action. All other claims and defendants are dismissed without prejudice. If Velasco wishes to pursue these claims, he must do so by filing other lawsuits.

**Orders**

The case will proceed only on Velasco's Eighth Amendment claims for deliberate indifference to medical needs against Fryer, Farinella, Crabbe, Brenan, Ward, McKrystal, Clements, Longo, Patterson, Ogarrdo, Eggen, Frayne, Gillian, Lightner, Greene, Whitely,

Christine Doe, LaBonte, Knight, Kilham, Durko, and Brown, who were named and discussed in connection with those claims. All other claims and defendants are dismissed pursuant to Fed. R. Civ. P. 21.

Velasco shall file a Second Amended Complaint naming only these defendants and including only the allegations relating to the provision of medical care included in the paragraphs listed above. Velasco shall file the Second Amended Complaint on or before October 1, 2019 utilizing the Prisoner Efiling Program.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of August 2019.

/s/
Kari A. Dooley
United States District Judge