# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR J. VELASCO, | : | |
| Plaintiff, | : | No. 3:19-cv-811 (KAD) |
| | : | |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al., | : | |
| Defendants. | : | |

# MEMORANDUM OF DECISION

**Preliminary Statement**

The plaintiff, Victor J. Velasco ("Velasco"), commenced this action by filing a complaint naming 137 defendants and alleging conduct which spanned a period of eight years. Velasco sought to assert claims for violation of his rights under the First, Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments, the Americans with Disabilities Act, the Religious Land Use and Institutionalized Persons Act, the Prison Rape Elimination Act, the Health Insurance Portability and Accountability Act, the Prison Litigation Reform Act, and 42 U.S.C §§ 1981, 1982, 1985, and 1986. On July 10, 2019, the Court issued an Initial Review Order, Doc. No. 11, identifying several deficiencies in the Complaint and directing Velasco to file an Amended Complaint correcting those deficiencies. Specifically, the Court ordered Velasco to specify which defendants were involved in each of his claims as well as when the events underlying each claim occurred. In light of the enormity of the complaint, the number of defendants and the scope of the claims, the Court also advised Velasco regarding the rules on joinder of claims and defendants.

On August 13, 2019, Velasco filed an Amended Complaint which included all of the claims and defendants from the original Complaint and even sought to add an additional claim.

The Court thereafter determined that the claims were improperly joined and on August 28, 2019, the Court dismissed all claims except for the arguably related claims of deliberate indifference to his medical needs as asserted against 22 defendants. Velasco now seeks reconsideration of that order.

**Standard of Review**

The standard for granting reconsideration is strict. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the Court overlooked and that would reasonably be expected to alter the Court's decision. *See Oparah v. New York City Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) (citing *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* D. Conn. L. R. 7(c) (requiring the movant to file along with the motion for reconsideration "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked").

There are three grounds for granting a motion for reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Lauray v. Hannah*, No. 3:14-CV-838(KAD), 2019 WL 494623, at *1 (D. Conn. Feb. 8, 2019) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted). If the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate. *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (per curiam). However, a motion for reconsideration should be denied when the movant "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257; *Waller v. City of Middletown*, 89 F. Supp. 3d 279, 282 (D. Conn. 2015).

**Discussion**

Velasco has not identified any controlling law or facts that the Court overlooked in reaching its decision. Although he states that he can show that his claims all run together, he does not do so. "[T]he overlap in questions of law or fact must be 'substantial' in order for joinder to be appropriate." *Golden Goose Deluxe Brand v. Aierbushe*, No. 19-CV-2518(VEC), 2019 WL 2162715, at *1 (S.D.N.Y. May 16, 2019). Based on review of the original and amended complaints, it appears that Velasco considers all the claims related because they are in some manner connected to his designation or confinement as a Security Risk Group Member. This is not a sufficient basis to support joinder of all of these disparate claims. *See, e.g., Deskovic v. City of Peekskill,* 673 F. Supp. 2d 154, 163-64 (S.D.N.Y. 2009) (actions of city and county officials resulting in plaintiff's conviction improperly joined with claims against correctional officials during period of confinement; city and county officials could not reasonably foresee sexual assault by correctional officer). Velasco has not identified any facts that the Court overlooked in the prior order. Thus, reconsideration is not warranted.

Velasco's motion for reconsideration [**Doc. No. 17**] is **DENIED**.

Velasco is directed to file a Second Amended Complaint including only his claims for deliberate indifference to medical needs against defendants Fryer, Farinella, Crabbe, Brenan, Ward, McKrystal, Clements, Longo, Patterson, Ogarrdo, Eggen, Frayne, Gillian, Lightner, Greene, Whitely, Christine Doe, LaBonte, Knight, Kilham, Durko, and Brown on or before **November 1, 2019**.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of October 2019.

_____/s/_____
Kari A. Dooley
United States District Judge